United States District Court
Southern District of Texas
**ENTERED**
September 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAIME CISNEROS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00212 |
| | § | |
| BOBBY LUMPKIN, DIRECTOR, TDCJ, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Jaime Cisneros is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, Cisneros filed this habeas corpus petition on September 15, 2021. (D.E. 1). Cisneros claims that he is not in custody pursuant to a state judgment and the TDCJ is violating his due process rights by keeping him in custody. Cisneros contends that his 12-year sentence ceased to operate after 6 years when he became eligible for parole. For the reasons discussed further below, it is recommended that Cisneros's petition be dismissed prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[1] because it is plain from the petition and attached exhibits that Cisneros is not entitled to relief.

---

[1] The Rules Governing Section 2254 Cases may also be applied to a § 2241 petition. Rule 1(b). A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

I. DISCUSSION

In his petition and attached memorandum of law, Cisneros contends that he was sentenced to 12 years' imprisonment for aggravated assault, with an affirmative deadly weapon finding, on June 3, 2013. (D.E. 1 at 1-2). The TDCJ has calculated a release date of November 18, 2024.[2] However, Cisneros argues that his sentence was changed after it was imposed because he was eligible for parole after 6 years and, thus, the sentence was technically complete after 6 years. (*Id.* at 3-6). Finally, Cisneros contends that he has completed his 12-year sentence because, when his good-time credit is added to his actual time served, he has served over 12 years. (*Id.* at 6-7).

Cisneros's argument is founded on the presumption that the Texas parole statutes rendered his 12-year sentence into two separate 6-year sentences, one to be served in TDCJ custody and one on parole. (*Id.* at 3-4). However, Texas offenders are not entitled to parole, and the parole statutes do not operate the way Cisneros contends. States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). There is no constitutional expectation of parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Thus, the Texas parole statutes do not confer a liberty interest protected by due process. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Because Cisneros had no constitutional expectation of parole and no constitutionally protected liberty interest in obtaining parole, the statutes at issue could not

---

[2] Release date information is available on the TDCJ by searching for an offender's name. *See* https://offender.tdcj.texas.gov/InmateSearch/start.action.

have split his 12-year sentence in two, with 6 years guaranteed to be served on parole. *See Greenholtz*, 442 U.S. at 7. Although Cisneros contends that his sentence was changed after it was imposed, that is not the case. As Cisneros acknowledges, the state court sentenced him to 12 years' imprisonment. (*See* D.E. 1 at 1-2). That is the length his sentence remains.

Further, to the extent that Cisneros argues that his sentence ceased to operate when he became *eligible* for parole, that is incorrect for two reasons. Under Texas law, when an offender receives consecutive sentences, the first sentence ceases to operate "on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence." Tex. Gov't Code § 508.150(b)(2). First, Texas courts have interpreted this language to mean that the sentence ceases to operate when the inmate actually makes parole, not merely when he becomes eligible. *Byrd v. State*, 499 S.W. 3d 443, 447 (Tex. Crim. App. 2016). Second, this procedure is applicable to offenders with consecutive sentences, but as discussed above, Cisneros has a single 12-year sentence.

Finally, to the extent that Cisneros argues that he has served over 12 years when his good-time credit is combined with his actual time served, "[g]ood conduct time applies only to eligibility for parole or mandatory supervision … and does not otherwise affect an inmate's term." Tex. Gov't Code § 498.003(a). Accordingly, good-time credit cannot merely be added on to actual time served in order to determine his release date.

Cisneros has no constitutional right to be released before the end of his 12-year sentence and, thus, cannot obtain relief under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3).

## II.  RECOMMENDATION

Accordingly, it is recommended that Cisneros's § 2241 petition (D.E. 1) be DISMISSED pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases.  It is plain from the petition and attached exhibits that Cisneros is not entitled to relief.

Respectfully submitted on September 20, 2021.

                                                              Julie K. Hampton
                                                              United States Magistrate Judge

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).